Thomson, J.
This suit was begun before a justice of the peace, and went to the county court by appeal. That court gave its judgment to the defendant, and the plaintiff has brought the judgment here for review. There were no written pleadings, and the nature and limits of the plaintiff’s claim must be sought in the evidence.
On the 15th. day of March, 1897, the plaintiff and J. H. McKay entered into a written contract, whereby the former leased to the latter a dwelling house and the household fur *61 uiture which it contained, for the term of one year from the 1st .day of April, 1897, at a monthly rental of $70.00; the lessee agreeing also to pay all assessments for water rent levied during the term of lease, as well as all charges for heating and lighting the premises, and, at the end of the term, to return the property in as good order and condition as it was in when he received it. The rent for April and May was paid. On the last day of May, the lessee and his family vacated the premises, and there was no further payment of rent. The plaintiff was unable to procure another tenant until the first day of the following September, when he leased the property for $60.00 per month. McKay did not pay the water rent, or the charges for lighting the premises, and the plaintiff paid a water bill of $18.00, and assumed a light bill of $8.65. During the occupancy of the premises under the lease, the furniture, carpets and furnace were damaged to the amount of $90.00. The foregoing was all the evidence. This suit was brought against Beulah McKay, the wife of the lessee. Recovery was sought for $90.00, the damage to the furniture, etc., and $210, the rent for June, July and August, the months during which the premises were idle. In court, the plaintiff’s claim, as stated by his agent, was specifically confined to those items, so that the water and light bills, and the reduction in rent to which the plaintiff was compelled to submit, when the premises were finally let, are not in the case.
It will be seen that the purpose of the action is the recovery of damages for breach of the contract of lease. The plaintiff bases his right to pursue the wife for those damages upon the following statutory provision: “ The expenses of the family and the education of the children, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately. ” Session Laws, 1891, pp. 238, 239; 3 Mills’ Ann. Stats, sec. 3021a. If we correctly understand the position of the plaintiff, it is that the defendant is bound by all the covenants and conditions of the contract of the lease, and that *62 her liability fora breach of those covenants and conditions is coextensive with that of her husband. She was not a party to that contract; the covenants and agreements it contained were not hers, so that her liability, whatever it may be, is not a contract liability. A right of action is given against her for debts which she may have no hand in creating, but those debts must be clearly within the purview of the statute. Either husband or wife may incur indebtedness for the family expenses, and for such indebtedness either or both will be liable. But outside of the expenses of the family and the education of the children, neither can impose an obligation upon the other. Food and clothing are family expenses, and so are luxuries purchased for the use of the family. Such expenses are not confined to necessaries, but to be family expenses they must be for things received by the family, or some member of the family. The family requires a house in which to live, and the rent of the house occupied by it, is part of the cost of living, and is a family expense. But the rent of a house which the family does not occupy is not a family expense. So long as the defendant and her husband lived in the plaintiff’s house, the rent agreed to be paid was a portion of the family expense, but when they left it, and went' elsewhere, the rent chargeable against the husband by virtue of his contract, was not a family expense, because the family no longer had the benefit of the house. Damage done to furniture, which might be the subject of an action in tort, or which might be recovered against the husband by virtue of his contract, cannot be classed as a family expense. The husband is bound by the terms of the contract into which he entered, and he will be held to its performance, but the liability of the defendant is of statutory creation, and as the statute is in derogation of the common law, shg cannot be held beyond its letter. An indebtedness for something of which the family, or some one or more of its members, has had the actual benefit, she can be compelled to pay. It was incurred for family expenses. But an indebtedness for something of which neither the family, nor any of its members, has had *63 the enjoyment, she cannot he compelled to pay, unless she contracted the debt herself. The statute does not cover such a debt.
A number of other states have statutes identical, or nearly identical, in terms, with ours, and those statutes have ..been the subject of considerable adjudication in those states. We have been referred to a voluminous list of decisions disposing of a great variety of questions arising under those statutes. To review each of those decisions would swell this opinion to undue dimensions. It is enough to say that we have found nothing in disharmony with the views we have expressed, or that would authorize a recovery against^the defendant upon the facts of which we are in possession.
The judgment will be affirmed.

Affirmed.

Bissell, P. J., not sitting.